Civil action to recover damages from the defendants, resulting from a collision which occurred on Sunday, 4 February, 1945, between seven and eight o'clock p.m., between an automobile in which the plaintiff was riding and a truck parked on U.S. Highway 17, which belonged to the defendants, White and Monds.
The defendants White and Monds were engaged in the livestock business. Their place of business was located on U.S. Highway 17, about halfway between the home of David Cox, Jr., and the town of Hertford. The other defendant, John Franklin, was employed by them to drive the truck involved in the accident, which caused plaintiff's injuries. Franklin was permitted by his employers to keep the truck at his home when he was not working. It was Franklin's duty to feed his codefendants' livestock. This applied to Sundays as well as week days; and he was permitted to drive the truck from his home to the place where his codefendants kept their livestock, whenever he went there for the purpose of feeding them.
On Sunday, 4 February, 1945, the truck in question was parked on the hard surface of U.S. Highway 17, before dark, near the home of David Cox, Jr., about three-quarters of a mile from the town of Hertford, and remained there without lights or flares until between seven and eight o'clock, when the accident occurred. No one was in the truck at the time of the accident. The plaintiff's husband, who was driving the automobile in which she was riding at the time of the accident, testified he saw a colored man at the scene of the accident who looked like the defendant Franklin.
No evidence was offered tending to show that the defendants, White and Monds, had livestock at their place of business on this particular Sunday, or that Franklin had driven the truck to their place of business that afternoon or evening.
From judgment as of nonsuit entered at the close of plaintiff's evidence, plaintiff appeals and assigns error.
We think the evidence is insufficient to show that the defendant Franklin parked his codefendants' truck on the highway or that he was engaged in the scope of his employment, if he did so. *Page 616 
The ruling of the trial court will be upheld. Hinson v. Chemical Co., ante, 476, 53 S.E.2d 448.
Affirmed.